## SMITH v. HALLIGAN.

(*Supreme Court, General Term, Fifth Department.* June, 1888.)

EVIDENCE—PAROL—SUBSEQUENT AGREEMENTS.

In an action on a written contract for the sale of potatoes, in which no time is specified for delivery, parol evidence is admissible to show that, after making the contracts, the parties agreed as to the place where, and the time when, they should be delivered.[1]

Appeal from circuit court, Wyoming county.

Action brought by Milo D. Smith against James Halligan to recover damages for the non-performance of a written contract, of which the following is a copy: "NOVEMBER 20, 1882. M. D. Smith bought of James Halligan, junior, two cars of potatoes, at fifty-four cents for sixty-two pounds, to be loaded on the track at North Java or Java Center. Paid cash, twenty dollars. [Signed] JAMES HALLIGAN, Junior." The defendant made no delivery of potatoes. The plaintiff recovered a verdict for $26.05, being for the moneys advanced thereon. From the judgment entered thereon, and an order denying motion for new trial, plaintiff appeals.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*I. Sam. Johnson,* for appellant. *M. E. & E. M. Bartlett,* for respondent.

BARKER, P. J. On a former trial of this action the defendant was permitted to testify, against the objection and exception of the plaintiff, that, in a conversation which preceded the signing of the writing, the plaintiff promised to secure the cars, and that no time was specified when the potatoes were to be delivered. Upon appeal to this court from an order of the special term granting a new trial, it was held that the writing was more than a receipt, and contained the elements of a contract, and for that reason its terms and provisions could not be contradicted or changed by parol testimony as to stipulations and arrangements made prior to the execution of the contract; and that, as no time was specified in the agreement within which the potatoes were to be delivered, the law implies that it was to be done within a reasonable time. The order granting a new trial was sustained because this rule of evidence was not observed upon the trial. 9 N. Y. St. Rep. 425. The appellant claims that the same error occurred upon the trial now under review. In this we think he is clearly mistaken. The plaintiff gave evidence, in his own behalf, of interviews and conversations which he had with the defendant, after making the agreement, relative to the time and place at which the potatoes were to be delivered, and also as to other matters, tending to show a breach of the contract on the part of the defendant. After the plaintiff rested, the defendant was called and sworn as a witness in his own behalf. The plaintiff contends that he was permitted to give evidence, over his objection, as to conversations had with the plaintiff prior to the execution of the agreement, to which he took an exception. As we read the case, we think it quite clear that his evidence was confined to conversations and arrangements, made after the execution of the contract, relative to the delivery of the potatoes. As no specific time was agreed upon for the delivery of the property purchased, it was entirely competent to prove by parol evidence that,

---

[1] Magill v. Stoddard, (Wis.) 35 N. W. Rep. 346.

after the making of the agreement, the parties made arrangements as to the time when and the place where the potatoes should be delivered. The court instructed the jury that the defendant was guilty of a breach of his contract in view of the undisputed evidence in the case; and that the plaintiff was entitled to recover, as matter of law, the moneys advanced upon the contract, with interest thereon, and such damages as he had sustained by reason of the non-delivery of the potatoes. The plaintiff's evidence tended to show that the price had advanced in the market, and the defendant's evidence was to the effect that it had not. The jury have decided that question against the plaintiff. The judgment should be affirmed.

HAIGHT, BRADLEY, and DWIGHT, JJ., concur.